UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

BEVERLY HARRIS, et al           CIVIL ACTION 06-1678

VERSUS           U.S. DISTRICT JUDGE DEE D. DRELL

ERIC BRECHER, et al           U.S. MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Before the court is claimant's motion to remand, or in the alternative stay (**doc. # 18**). Claimant has sued the defendants alleging a medical mis-diagnosis. The suit was filed in state court in Avoyelles Parish and timely removed to this court (doc. #4) based on diversity jurisdiction. Defendants attached to their notice of removal a copy of the complaint filed in state court.

The instant Motion to Remand was filed asserting that this case should be remanded or, in the alternative, should be stayed pending the outcome of a separate, but related, proceeding against "qualified" medical providers in a Medical Review Proceeding. Plaintiff argues that otherwise, judicial resources will be wasted since eventually non-diverse defendants will be added which will destroy diversity.

As a result of Louisiana law, claims against doctors, hospitals and certain other medical providers who qualify under the statute are subject to the Medical Review panel procedures of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.47. Under Louisiana law, these persons may not be named as defendants in a lawsuit until the medical review panel proceedings are completed.

1

In this case, claimants, through counsel, correctly followed the dictates of Louisiana law and did not name the doctors and hospitals who are subject to the medical malpractice act as defendants in this case. The only named defendants are diverse.

The court recognizes claimant's dilemma but has dealt with it before.[1] Plaintiffs were presented with a requirement that they not name parties named in the Medical Review panel proceeding until the Medical Review Panel proceeding is complete. Otherwise, they would violate Louisiana law. However, had they violated Louisiana's statute by naming these parties as defendants anyway, under the authority of some federal district court decisions in the Eastern District, the improper parties would not have constituted improper joinder and would have destroyed diversity, thereby mandating remand.

This court is aware of the well reasoned and thorough opinion of U.S. Magistrate Judge Roy S. Payne in the Shreveport division of this district in Johnson v. Scimed, Inc., 92 F. supp. 2d 587 (W.D. La. 3/15/00). There, Judge Payne explained the practical problems associated with the court not remanding in a case such as this, that is, that the case may well eventually be remanded anyway. If not, separate trials would be required in state and federal court. See also Duffy v. Pendleton Memorial Methodists Hosp., 1998 WL 273114 (E. D. La. 1998) and Kelly v. Danek Medical, Inc., 1994 WL 321074 (E. D. La. 1994).

Despite the obvious logic of Judge Payne's decision in Scimed and recognizing that some courts have, in effect, rewarded plaintiffs for failing to abide by Louisiana's proscription of naming parties subject to panel proceedings, the fact is, in this case, the only defendants named are diverse. Complete diversity exists, the petition for removal was timely filed, the jurisdictional threshold is

---

[1] See Davis v. Bard, 04-1253, W.D.LA., Monroe Div., 2004.

met, and this court has subject matter jurisdiction . Diversity is considered between the parties to the action only, not unnamed parties. That those unnamed parties may someday be named as defendants is speculative. First, the Medical Review Panel proceeding is not complete. Once it is complete, it may be unnecessary to sue any of the non-diverse persons. It they are sued, that is, plaintiffs file a timely motion in this court to add them as parties per this court's scheduling order, considering the Hensgen factors[2], this court may not necessarily grant leave to amend. Thus, diversity would not be destroyed and remand not required. The case may settle or, following the decision of the Medical Review Panel, it is even possible that claimant may decide their claims against the new defendant's have no merit.

This court must deal with the facts before it now and those facts are that there are two defendants who are diverse. That remand could possibly obtain in the future, as a result of additional pleadings that may or may not be allowed, cannot concern us now. We cannot, by our decision today, provide for every conceivable possibility and certainly should not refuse jurisdiction we clearly have based upon the possibility that a certain confluence of facts and events may, possibly, someday require a remand.

Instead, I choose to follow the well reasoned opinions of Judge Mentz in Maquar v. Synthes, Ltd., 1992 WL 111199 (E. D. La 1992), and of Judge Clement in Cooper v. Sofamor, Inc., 1993 WL 17634 (E.D. La. 1993), both unreported decisions, in considering only the parties actually named as defendants at the time the petition for removal was filed.

Alternatively, plaintiff suggests that a stay of these proceedings is appropriate, citing Judge

---

[2]Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), cert. den., 493 U.S. 851, 110 S. Ct. 150 (1989).

Clements' opinion in Cooper. This court again agrees with Judge Clement that a stay is appropriate. Although defendants argue that the case against them can proceed so that they can file a dispositive motion on the issues alleged against them, it is not that simple. For in order to oppose the motion, the plaintiffs would likely need to depose at least some of the physicians or medical providers named in the medical review panel proceeding. Such procedure, when those providers are not yet parties to this case and while the review panel proceeding is pending, would be cumbersome at best, and prejudicial to them at worst.

For the foregoing reasons, IT IS RECOMMENDED that the Motion to Remand be DENIED, but the motion for a stay of these proceedings, pending decision of the medical review panel, be GRANTED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS**

**AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Thus done and signed at Alexandria, Louisiana, this 13th day of APRIL, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE