U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JUN 24 2008
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **BEVERLY HARRIS, et al.** | **CIVIL ACTION NO. 06-1678** |
| -vs- | **JUDGE DRELL** |
| **NIGHTHAWK RADIOLOGY SERVICE, LLC, et al.** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court is an unopposed motion for summary judgment (Doc. 39) filed by defendants NightHawk Radiology Services, LLC ("NightHawk") and Eric Brecher, M.D. ("Dr. Brecher"). For the reasons set forth below, the motion is granted.

### I. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir.

1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## II. BACKGROUND

On May 17, 2005, at 10:00 A.M., Samuel Harris ("Mr. Harris" or "the decedent") entered the Avoyelles Hospital Emergency Room complaining of stiffness to his back. The treating physicians, not parties to this suit, diagnosed him with arthritis and discharged him. At approximately 10:45 P.M., Mr. Harris again entered the Avoyelles Parish Emergency Room, this time via ambulance, presenting with stiffness, altered mental status, and elevated blood pressure. At approximately 1:40 A.M. on May 18, 2005, he was admitted to the hospital. His condition grew steadily worse until, at 11:05 P.M. on May 18, 2005, he passed away. An autopsy revealed the cause of death to be acute pyogenic bacterial meningitis.

This lawsuit arose from the fact that, following Mr. Harris's admission to the hospital early on May 18, 2005, defendant Dr. Eric Brecher, an employee of defendant NightHawk, interpreted a computed tomography ("CT") scan of Mr. Harris's brain but did not diagnose acute pyogenic bacterial meningitis. On April 26, 2006, the plaintiffs,

Mr. Harris's survivors, submitted their claims to the Louisiana Medical Review Panel, pursuant to the Louisiana Medical Malpractice Act, La. R.S. § 40:1299.41 et seq., before timely filing a civil action in the 12th Judicial District Court for the Parish of Avoyelles, Louisiana on August 3, 2006.

On September 29, 2006, the defendants removed to this Court, urging diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). On April 30, 2007, we denied the plaintiffs' motion to remand and stayed this proceeding for a period of 120 days, pending the decision of the Medical Review Panel concerning the other health care providers involved in the decedent's treatment. On June 19, 2007, we modified the stay upon joint motion of the parties, allowing, inter alia, the taking of discovery and the filing of dispositive motions.

On October 17, 2007, the defendants filed the motion for summary judgment (Doc. 39) now before us, asserting that the plaintiffs cannot meet their burden of proof in this medical malpractice action as to these defendants under Louisiana state law. The plaintiffs have not opposed the motion.[1]

### III. LAW AND ANALYSIS

In this diversity suit, Louisiana substantive law applies, including the relevant burden of proof for the plaintiffs, which the Fifth Circuit summarized as follows:

---

[1] On November 20, 2007, the plaintiffs filed a motion to stay the defendants' motion for summary judgment, but that motion to stay was stricken from the record on January 4, 2008, because of procedural deficiencies.

3

> Under Louisiana law, the plaintiff in a medical malpractice suit has the burden of proving, by a preponderance of the evidence:
>
>> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians ... within the involved medical specialty.
>>
>> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
>>
>> (3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
>
> La. R.S. 9:2794. It is "generally necessary" to use an expert witness to prove a medical malpractice claim. Broussard v. Andersson, 921 So.2d 128, 132 (La.Ct.App.2005); see also Lindner v. Hoffman, 894 So.2d 427, 431 (La.Ct.App.2005) (stating the general rule that in order to establish a claim of medical malpractice, the plaintiff "must demonstrate the degree of care ordinarily exercised by a physician in a particular medical specialty"). Importantly, "[w]here the alleged acts of negligence raise issues peculiar to the particular specialty involved, then only physicians in that specialty may offer evidence of the applicable standard of care." Id. In other words, to succeed in a medical malpractice claim against a medical specialist, the plaintiff must offer testimony of the applicable standard of care in the particular specialty of the allegedly negligent doctor and the proffered expert must specialize in that peculiar field.

Cleveland ex rel. Cleveland v. U.S., 457 F.3d 397, 403-04 (5th Cir. 2006).

The Louisiana Supreme Court explained the use of expert testimony in a medical malpractice suit as follows:

4

> We granted plaintiff's writ application to determine whether a plaintiff can prevail in a medical malpractice action when she does not introduce an expert witness to testify—as to the applicable standard of care, its breach, and causation. As a general rule, a plaintiff can prevail under such circumstances when a defendant/physician or a defense expert testifies regarding the standard of care, and the objective evidence at trial is such that a lay jury can infer negligence from the facts. Accordingly, the court of appeal was in error when it stated that the absence of expert testimony by a plaintiff regarding a breach of the standard of care precludes success in a medical malpractice action.
>
> A plaintiff must also establish, with adequate evidence, however, a causal connection between a defendant's negligence and the plaintiff's injuries.

Pfiffner v. Correa, 643 So. 2d 1228, 1230 (La. 1994).

In the instant case, the plaintiffs have presented no expert testimony regarding the standard of care employed by radiologists such as defendant Dr. Brecher. The defendants <u>have</u> presented such testimony, but there is no evidence that Dr. Brecher deviated from that standard. Moreover, the plaintiffs have failed to present <u>any</u> testimony, lay or expert, other than their own conclusory allegations, from which we may infer causation. Consequently, there is no evidence from which we may impose liability on Dr. Brecher or, by extension, his employer, defendant NightHawk.

Because the defendants have demonstrated that there is no genuine issue of material fact in this case and that the plaintiffs cannot meet their burden of proof under state law, they are entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment (Doc. 39) is GRANTED. By separate judgment, all of the plaintiffs' claims against the defendants will be dismissed with prejudice, which judgment will terminate this action.

SIGNED on this 23rd day of June, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE